UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BESMIR BYTYQI, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>     -against-<br><br>BOCCA NEW YORK LLC, ARTUR FOGEL BILLY KARASIK, and EVGENIA HULDISCH,<br><br>                              Defendants. | **COMPLAINT**<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Besmir Bytyqi ("Bytyqi," or "plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Braverman Law PC, complaining of defendants Bocca New York LLC, a New York limited liability company ("Bocca LLC"), Artur Fogel, Billy Karasik and Evgenia Huldisch (collectively referred to as "defendants"), alleges:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, spread-of-hours pay, misappropriated tips and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and section 190 *et seq*. of the New York Labor Law ("NYLL"), on behalf of plaintiff and other restaurant staff who worked for defendants.

2. Defendants systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay,

misappropriated tips, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff Bytyqi's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.  All facts alleged in this Complaint occurred at the restaurant operated by defendant Bocca LLC a/k/a "Mela East" that is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5. Plaintiff Bytyqi resides in Brooklyn New York.

6. Defendants employed Bytyqi as a waiter from approximately August 8, 2015, through approximately October 2, 2016, when defendants terminated plaintiff's employment.

**Defendants**

7. Defendant Bocca LLC is a New York limited liability company that owns, operates, and does business as "Mela East," a restaurant located at 1496 2nd Avenue, New York, NY 10075.  Mela East serves Italian-based food and wine.

8. Defendant Bocca LLC has employees engaged in commerce or in the

production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Bocca LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. Upon information and belief, Bocca LLC has annual gross volume of sales in excess of $500,000.

11. Defendant Artur Fogel is a person engaged in business in the City of New York, County of New York, who, upon information and belief, is an owner of Boca LLC and/or manager of Mela East.

12. Throughout Bytyqi's employment, Artur Fogel hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Mela East. Artur Fogel has exercised sufficient control over Mela East's operations to be considered plaintiff's employer under the FLSA and NYLL.

13. Defendant Billy Karasik is a person engaged in business in the City of New York, County of New York, who, upon information and belief, is an owner of Boca LLC and/or manager of Mesa East.

14. Throughout Bytyqi's employment, Billy Karasik hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Mela East.  Billy Karasik has exercised sufficient control over Mela East's operations to be considered plaintiff's employer under the FLSA and NYLL.

3

15. Defendant Evgenia Huldisch is a person engaged in business in the City of New York, County of New York, who, upon information and belief, is a manager of Mela East.

16. Throughout Bytyqi's employment, Evgenia Huldisch hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Mela East. Evgenia Huldisch has exercised sufficient control over Mela East's operations to be considered plaintiff's employer under the FLSA and NYLL.

COLLECTIVE ACTION ALLEGATIONS

17. The claims in this Complaint arising out of the FLSA are brought by Bytyqi on behalf of himself and similarly situated persons (i.e., waiters, bartenders, runners and busboys) who are current and former employees of defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "Tipped Employees").

18. Tipped Employees consist of approximately 13 employees who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum wages and tips that they earned.

19. Tipped Employees consist of employees who, during their employment with defendants, worked as waiters, bartenders, busboys and runners, and fell into the category of non-exempt, non-managerial tipped employees who customarily and regularly earned more than $30 per month in tips. 29 U.S.C. § 203(t).

20. As part of their regular business practices, defendants have intentionally, willfully, and repeatedly harmed Tipped Employees by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, inter alia, the following:

   a. depriving Tipped Employees of tips that they earned by wrongfully redistributing a portion of the tips that they earned to non-service management personnel; and

   b. failing to pay Tipped Employees minimum wages for all hours worked.

21. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

22. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the Tipped Employees.

23. Tipped Employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the defendants, are readily identifiable, and locatable through Mela East's records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## THE LAW REGARDING TIPPED EMPLOYEES

24. The FLSA allows employers of "tipped employees" to apply a "tip credit" and pay their tipped employees at a reduced minimum wage rate.

25. The FLSA and the NYLL provide that to be eligible to apply a "tip credit" and pay employees at the tipped minimum wage, employers must inform their tipped employees in advance that the tip credit will be applied and must allow employees to

keep all the tips that they receive.

26.     Under the FLSA and the NYLL, managers are prohibited from sharing in the tips received by "tip34ped employees." Section 196(d) of the NYLL provides that an employer cannot accept "any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

THE UNLAWFUL TIP POOL AT MELA EAST

27.     At any given time, Mela East employs approximately 13 waiters, busboys, runners and bartenders who fall under the category of "tipped employees" pursuant to the FLSA.

28.     Defendants did not provide notice to plaintiff or to the Tipped Employees prior to applying the tip credit.

29.     Defendants established and imposed an unlawful tip pool upon the Tipped Employees, requiring them to pay a share of the tip pool to the general manager.

30.     During most of plaintiff's employment, the plaintiff's manager, Youssef Echaybi, would take distributions from the tip pool several times per week.

31.     Mr. Echaybi was replaced by a new manager, Vincenzo Lentini in approximately August 2016. Mr. Lentini continued the same practice of participating in the tip pool.

32.     Upon information and belief, these managers appear on the tip sheets of the restaurant and, during plaintiff's employment, received a share of the tip pool. The exact amount taken by the managers is not known but will be ascertained during the

6

course of discovery.

33. At all relevant times, the responsibilities of these general managers included general supervision of the restaurant and the waitstaff, hiring and firing, setting schedules, disciplining waiters, and otherwise acting in a managerial capacity.

34. These general managers should not have received any share from the tip pool inasmuch as they are "employers" within the meaning of the FLSA and NYLLL who have the power to schedule and discipline employees, and performed only *de minimus* (if any) table service for customers.

35. In *Barenboim v. Starbucks Corp.*, No. 10 Civ. 4912 (2d Cir. Nov. 21., 2013), the Second Circuit stated that:

> Individuals with "meaningful or significant authority or control over subordinates" are prohibited from sharing in employees' tips, and such authority or control may "'include the ability to discipline subordinates, assist in performance evaluations or participate in the process of hiring or terminating employees, as well as having input in the creation of employee work schedules, thereby directly influencing the number and timing of hours worked by staff as well as their compensation."

(quoting *Barenboim v. Starbucks Corp.*, 2013 N.Y. Slip Op. 04754, at *6 (June 26, 2013)).

36. The skimming of the gratuities of the Tipped Employees by the general managers violates Section 196(d) of the NYLL.

37. Because defendants made unlawful deductions from the wages of the Tipped Employees, defendants are not entitled to reduce the minimum wages of plaintiff and the Tipped Employees by applying the tip credit allowance that is available under the FLSA.

38. Defendants improper application of the tip credit deprives plaintiffs and

7

the Tipped Employees of the statutory minimum wage under the FLSA and plaintiffs and the Tipped Employees are entitled to the full statutory minimum wage and disgorgement of any and all gratuities misappropriated by defendants.

PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

**Plaintiff's hours worked**

39. When he began his employment Bytyqi would work 5 days a week, generally from Wednesday through Sunday.

40. During the period starting from plaintiff's start date in August 2015, through approximately the end 2015, Bytqi would work 2 single shifts a week, and 3 double shifts on the remaining work days.

41. When Bytyqi worked a single shift, he would work from approximately 4:00 p.m. until 11:30 p.m., on a Wednesday, Thursday or Sunday night.  On Friday and Saturday nights the restaurant would stay open much later, and plaintiff would generally work generally until sometime between 1:00 a.m. and 3:00 a.m.

42. When Bytyqi worked a double shift, the first shift would start between 10:00 a.m. and 11:00 a.m. and end at approximately 3:30 or 4:00 p.m.  The second shift would then last until approximately 11:30 p.m., on a Wednesday, Thursday or Sunday night, and until between 1:00 a.m. and 3:00 a.m. on a Friday or Sunday night.

43. Thus, depending on the day, a double shift would last anywhere from 12 to 15 hours.

44. During the period from plaintiff's start date until approximately December 31, 2015, plaintiff worked approximately 55-60 hours per week.

45. Beginning in 2016, plaintiff started working fewer double shifts.

46. Until approximately June 1, 2016, Bytyqi worked between one and two double shifts per week, for a total of between approximately 45-50 hours per week.

47. Beginning on approximately June 1, 2016 through the termination date of his employment, Bytyqi worked at most, but not always, one double shift per week, and he generally worked approximately 40 hours per week.

**Payment received by Plaintiff; Notices**

48. During 2015, defendants paid Bytyqi $5.00 per hour, plus tips, including for all hours over 40 that Bytyqi worked in a workweek.

49. During 2016, defendants paid Bytyqi $7.50 per hour, plus tips, including for all hours over 40 that Bytyqi worked in a workweek.

50. The defendants did not pay plaintiff at the overtime rate of one and one-half (1.5) times the regular hourly rate for all hours worked in excess of forty hours per week.

51. Mela East did not provide legally compliant paystubs to Bytyqi.

52. Mela East did not provide Bytyqi with notices informing him of, *inter alia*, his rate of pay at the time of hiring.

53. Mela East did not provide Bytyqi with notices informing him that the restaurant would be taking a "tip credit" against his wages.

SPREAD-OF-HOURS PAY VIOLATION

54. The NYLL, and supporting New York State Department of Labor Regulations, require that employers pay employees one additional hour's pay at the full

minimum wage for each workday that exceeds ten hours.

54. Plaintiff has worked shifts that spanned more than ten hours per clay, but has not been paid one additional hour's pay at the full minimum wage.

56. Defendants willfully and intentionally failed to compensate plaintiff with an additional one hour's pay at the full minimum wage for each day his workday exceeded ten hours, as required spread-of-hours pay under the NYLL and New York State Department of Labor Regulations.

**FIRST CLAIM**
(Fair Labor Standards Act — Unpaid Minimum Wage)
(Brought on behalf of Plaintiff and the Tipped Employees)

57. Bytyqi repeats and realleges all forgoing paragraphs as if set forth herein.

58. Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq*.

59. Defendants were required to pay Bytyqi and the Tipped Employees the applicable minimum wage rate for each hour that they worked.

60. Defendants failed to pay Bytyqi and the Tipped Employees the minimum wages to which they were entitled under the FLSA.

61. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Bytyqi and the Tipped Employees.

62. As a result of defendants' willful violations of the FLSA, Bytyqi and the Tipped Employees have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to

recovery of such amounts, liquidated damages, attorneys'' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
(New York Labor Law — Unpaid Minimum Wage)
(Brought on behalf of Plaintiff and the Tipped Employees)

63. Bytyqi repeats and realleges all forgoing paragraphs as if set forth herein.

64. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting New York State Department of Labor Regulations.

65. Defendants failed to pay Bytyqi and the Tipped Employees the minimum wages to which they were entitled under the NYLL.

66. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Bytyqi and the Tipped Employees minimum hourly wages.

67. As a result of defendants' willful violations of the NYLL, Bytyqi and the Tipped Employees have suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## THIRD CLAIM
(Fair Labor Standards Act — Unpaid Overtime)
(Brought on behalf of Plaintiff, Individually)

68. Bytyqi repeats and realleges all forgoing paragraphs as if set forth herein.

69. Defendants were required to pay Bytyqi one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

70. Defendants failed to pay Bytyqi the overtime wages to which he was entitled under the FLSA.

71. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Bytyqi overtime wages.

72. Due to defendants' violations of the FLSA, Bytyqi is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**FOURTH CLAIM**
(New York Labor Law — Unpaid Overtime)
(Brought on behalf of Plaintiff, Individually)

73. Bytyqi repeats and realleges all forgoing paragraphs as if set forth herein.

74. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay Bytyqi one and one half (1.5) times the regular rate of pay for all hours that he worked in excess of forty.

75. Defendants failed to pay Bytyqi the overtime wages to which he was entitled under the NYLL.

76. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Bytyqi overtime wages.

77. Due to defendants' willful violations of the NYLL, Bytyqi is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**FIFTH CLAIM**
(New York Labor Law — Spread-of-Hours Pay)
(Brought on behalf of Plaintiff, Individually)

78. Bytyqi repeats and realleges all forgoing paragraphs as if set forth herein.

79. Defendants willfully failed to pay Bytyqi additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten hours.

80. By defendants' failure to pay Bytyqi spread-of-hours pay, defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

81. Due to defendants' willful violations of the NYLL, Bytyqi is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
(New York Labor Law — Wage Theft Prevention Act)
(Brought on behalf of Plaintiff, Individually)

82. Bytyqi repeats and realleges all forgoing paragraphs as if set forth herein.

83. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

84. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

85. Throughout Bytyqi's employment with defendants, defendants paid him without providing a wage statement accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

86. In violation of NYLL § 191, defendants failed to furnish to Bytyqi at the time of hiring, whenever there was a change to his rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

87. Defendants failed to furnish Bytyqi with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours

14

worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

88. Due to defendants' violation of NYLL § 195(1), Bytyqi is entitled to recover from defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

89. Due to defendants' violation of NYLL § 195(3), Bytyqi is entitled to recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**SEVENTH CLAIM**
(New York Labor Law — Illegal Deductions from Gratuities, NYLL § 196-d)
(Brought on behalf of Plaintiff, Individually)

90. Bytyqi repeats and realleges all forgoing paragraphs as if set forth herein.

91. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages, except for those permitted by law.

92. NYLL § 196-d prohibits any employer or his agents from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

93. Upon information and belief, defendants unlawfully misappropriated all the gratuities belonging to Bytyqi the Tipped Employees.

94. Defendants have been agents or officers of a corporation within the

meaning of NYLL, Article 6, § 196-d and the supporting NYDOL regulations.

95. By defendants' knowing or intentional demand for, acceptance, and/or retention of gratuities paid by customers for plaintiff and the Tipped Employees, defendants have willfully violated NYLL, Article 6, § 196-d and its supporting NYDOL Regulations.

96. As a result of defendants' willful violations of the NYLL, Bytyqi is entitled to recover from defendants their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all Tipped Employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c. declaring that defendants have violated the spread-of-hours pay provisions of the, NYLL and New York State Department of Labor Regulations;

d. declaring that defendants unlawfully deducted amounts from the gratuities of plaintiff and the Tipped Employees, in violation of the NYLL;

e. declaring that defendants violated the notice provisions of the NYLL and WTPA;

f. declaring that defendants' violations of the FLSA and NYLL were willful;

g. enjoining future violations of the FLSA and NYLL by defendants;

h. awarding plaintiff damages for unpaid minimum and overtime wages,

|   |   |
|---|---|
|   | unlawfully retained gratuities, and spread-of-hours pay; |
| i. | awarding the Tipped Employees damages for unpaid minimum wages; |
| j. | awarding plaintiff and the Tipped Employees damages for tips which were unlawfully collected and retained by defendants; |
| k. | awarding plaintiff liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL; |
| l. | awarding plaintiff liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL; |
| m. | awarding plaintiff pre- and post-judgment interest under the NYLL; |
| n. | awarding plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and |
| o. | awarding such other and further relief as the Court deems just and proper. |

Dated:    New York, New York
          January 14, 2017

 

BRAVERMAN LAW PC

By: _____[signature]_____
    Adam Braverman
    450 Seventh Avenue, Suite 1308
    New York, New York 10123
    (212) 206-8166
    adam@bravermanlawfirm.com

    *Attorneys for plaintiff and the FLSA collective*