<u>Exhibit A</u>

Executed Settlement Agreement

## STIPULATED ORDER AND AGREEMENT AND GENERAL RELEASE

This Agreement and General Release ("Agreement") dated November 7, 2017 sets forth the mutual understanding between **BESMIR BYTYQI** (hereinafter referred to as "EMPLOYEE") and **BOCCA NEW YORK LLC, ARTUR FOGEL, BILLY KARASIK, AND EVGENIA HULDISCH** (hereinafter collectively referred to as "EMPLOYER"), regarding EMPLOYEE'S employment and the settlement of any and all claims EMPLOYEE has or may have against EMPLOYER.

**WHEREAS**, EMPLOYEE was employed by EMPLOYER as a server from August 2015 through October 2016;

**WHEREAS**, EMPLOYEE has filed a lawsuit in the Southern District of New York captioned BESMIR BYTYQI, et al. v. BOCCA NEW YORK LLC, ARTUR FOGEL, BILLY KARASIK, and EVGENIA HULDISCH, Docket No. 17-cv-0303 (the "Action") alleging violations under the Fair Labor Standards Act and the New York Labor Law against EMPLOYER;

**WHEREAS**, EMPLOYER has denied all claims of alleged wage and hour law violations or any other violation of any federal, state or local law pertaining to EMPLOYEE'S employment or otherwise;

**WHEREAS**, EMPLOYEE and EMPLOYER mutually desire to settle and resolve any and all claims, disputes and differences between them, whether known, or unknown, on the terms and conditions hereinafter set forth;

**WHEREAS**, the Agreement was negotiated by both parties and their respective counsel in resolution of a bona fide dispute;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the receipt and sufficiency of which is hereby acknowledged, EMPLOYEE and EMPLOYER, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1.      **No Admission of Liability**

This Agreement shall not in any way be construed as an admission by EMPLOYER of any violations of any of EMPLOYEE'S rights. EMPLOYER expressly denies violating any right of EMPLOYEE based on any federal, state or local law pertaining to his employment or claims for unpaid wages, or on any other basis, and expressly denies any liability to EMPLOYEE. Neither this Agreement, nor its terms, will be admissible in any action or proceeding as evidence of any fact or conclusion or for any other purpose, except only that this Agreement may be introduced in any action or proceeding arising from an alleged breach of the terms of this Agreement as set forth herein, or in this Action for purposes of requesting that the Court approve this Agreement. Further, this Agreement does not constitute an acknowledgement by EMPLOYER that the statutes and the laws identified in any of EMPLOYEE'S claims

1

against EMPLOYER are applicable, or that they have been violated.

2. **Consideration**

(a)  In lieu of incurring additional litigation costs associated with defending the Action by EMPLOYEE, and in consideration for EMPLOYEE's execution of this Agreement and in full and complete satisfaction of all of his actual and potential claims, whether known, or unknown, against any of the Employer Releasees (as hereinafter defined), EMPLOYER agrees to pay EMPLOYEE the total sum of ELEVEN THOUSAND FIVE HUNDRED DOLLARS ($11,500; the "Settlement Funds") within thirty (30) days of the Court's final approval of this Agreement (hereinafter "Effective Date of this Agreement"). EMPLOYER agrees to issue the Settlement Funds as follows:

> (i)  One check in the amount of SEVEN THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS ($7,750.00), payable to "Besmir Bytyqi," reflected on a 1099 Form;
>
> (ii)  One check in the amount of THREE THOUSAND SEVEN HUNDRED FIFTY ($3,750.00), payable to "Braverman Law PC," representing attorneys' fees, which shall be reported to the IRS on a Form 1099 upon presentation of Form W-9.

(b)  By signing this Agreement, EMPLOYER takes no position and makes no representations as to EMPLOYEE's characterization of the Settlement Funds or whether the Settlement Funds paid pursuant to this Agreement should be characterized as wage income or non-wage income or whether EMPLOYER should withhold and pay payroll taxes. EMPLOYEE shall indemnify EMPLOYER and EMPLOYER's counsel, and shall be solely responsible for any taxes and penalties incurred by any party or their counsel as a result of EMPLOYEE's tax characterization of the Settlement Funds, including any IRS challenge to the characterization of the Settlement Funds in this Agreement.

(c)  EMPLOYEE further acknowledges and agrees that: (i) this settlement may result in taxable income to EMPLOYEE under applicable federal, state and local tax laws; (ii) EMPLOYER is providing no tax, accounting or legal advice to EMPLOYEE, and makes no representations regarding any tax obligations or consequences on EMPLOYEE's part relating to or arising from this Agreement; (iii) EMPLOYEE shall be solely responsible for all of his tax obligations, including, without limitation, all federal, state and local taxes, and all tax liens or claims against EMPLOYER that may arise from all payments received by them under this Agreement, and EMPLOYEE shall not seek any indemnification from EMPLOYER with respect thereto; and (iv) EMPLOYEE shall cooperate and provide information to EMPLOYER, as reasonably necessary, to allow EMPLOYER to comply with all applicable federal, state and local tax laws.

(d)  EMPLOYEE acknowledges and agrees that, except as expressly provided in this Agreement, EMPLOYEE is not entitled to, and will not claim or receive, any additional compensation, wages, liquidated damages, bonuses, severance payments, sick, personal or vacation pay or benefits of any kind from EMPLOYER, or any of their affiliates, predecessors or

2

successors, and that no contrary representations or promises to the contrary have been made by or on behalf of EMPLOYER to EMPLOYEE. EMPLOYEE acknowledges and agrees that he has received payment for all wages and no further wages are owed to him.

3.   **Stipulation of Discontinuance**

For and in consideration of the promises outlined in paragraph 2 and elsewhere in this Agreement, the sufficiency of which EMPLOYEE acknowledges, simultaneously with the execution of this Agreement, the parties shall cause their attorneys to execute the annexed Stipulation of Discontinuance with prejudice, which may be filed by EMPLOYER upon the Effective Date of this Agreement without further notice.

4.   **Settlement of All Claims**

Upon execution of this Agreement, all claims and/or potential claims by EMPLOYEE against EMPLOYER occurring on or before the date of the execution of this Agreement, whether known or unknown, as they relate to EMPLOYEE's employment with EMPLOYER and/or the termination thereof, including but not limited to, claims under the Fair Labor Standards Act, New York Wage & Hour Law, Americans With Disabilities Act, Title VII of the Civil Rights Act of 1964, the New York Labor Laws, Human Rights Law under Article 15 of New York Executive Law, Article 6, 19, and 20 of New York Labor Law; Chapter 1, Section 8-107 of the New York City Administrative Code, and all Federal, State and local statutes, regulations, decisional law and ordinances for breach of contract, unpaid wages, including commissions, expenses, or benefits, discrimination of any kind including but not limited to harassment, retaliation, whistleblower, mental anguish, pain, suffering and other compensatory damages, punitive damages and attorneys' fees, and without admission that EMPLOYEE has established that any such claims have any merit or that EMPLOYEE has incurred any damages, shall be deemed settled, satisfied and resolved.

5.   **Covenant Not to Sue**

To the extent permitted by law, EMPLOYEE shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency) against EMPLOYER arising out of the released claims set forth in paragraph 9 unless directed by court order or subpoena. EMPLOYEE agrees that if an administrative claim is made, EMPLOYEE or anyone on his behalf shall not be entitled to recover any monetary relief or any other remedy therefrom. EMPLOYEE expressly agrees that if he breaches this paragraph, he will be responsible for reasonable attorneys' fees incurred by EMPLOYER as a result of said breach.

6.   **Other Actions**

(a)   EMPLOYEE represents and agrees that, other than the instant Action, he has not filed and will not file any other lawsuits or other proceedings against the EMPLOYER, including without limitation, for injunctive, declaratory, monetary, or other relief, or filed or caused to be filed any charges or complaints against the EMPLOYER, relating to EMPLOYEE's employment

3

with EMPLOYER and/or termination thereof, with any municipal, local, state or federal agency or bargaining unit charged with enforcement of any law, including, but not limited to the New York State Supreme Court, the New York State Division of Human Rights, the New York City Commission on Human Rights and the EEOC. Pursuant to and as a part of the release of the EMPLOYER as set forth herein, EMPLOYEE agrees to the fullest extent permitted by law, not to sue or file any charge, complaint, or demand against the EMPLOYER, relating to EMPLOYEE's employment with EMPLOYER and/or termination thereof, in any forum or assist or otherwise participate willingly or voluntarily in any claim, arbitration, suit, action, investigation or other proceeding of any kind which relates to any matter that involves the EMPLOYER, and that occurred up to and including the Effective Date of this Agreement. Plaintiff acknowledges that he has not solicited nor will he solicit any other individuals to bring claims against Defendants.

(b)     To the extent that any such action may be brought or continued by a third party, EMPLOYEE expressly waives any claim to any form of monetary or other damages, or any other form of recovery or relief in connection with any such action.

## 7.    Court Approval

EMPLOYEE and EMPLOYER understand and acknowledge that the parties will request that the Court approve the Agreement, understanding that same will be published to the Court's online docket and that it may be accessed by public users.

## 8.    Non-Disparagement

The parties agree not to act in any manner that might damage their respective reputations, provided, however, that truthful statements about the Action or the resolution thereof pursuant to this Agreement shall be deemed not to violate this provision. EMPLOYER agrees to provide a neutral reference for EMPLOYEE. The information provided in a neutral reference shall be limited to the EMPLOYEE's job title and the time period EMPLOYEE worked for EMPLOYER.

## 9.    General Release

(a)     EMPLOYEE understands and, of his own free will, enters into this Agreement, which includes a General Release.

(b)     In consideration of the Settlement Funds, benefits, agreements and other consideration to be provided to EMPLOYEE by EMPLOYER as described in the Agreement, EMPLOYEE, for himself and for his heirs, executors, administrators, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, EMPLOYER, its individual partners, directors, officers, board members, shareholders, managers, employees, agents, insurers, attorneys, representatives, successors and assigns (collectively, the "Employer Releasees") from any and all liability, actions, causes of action, suits, debts, dues, sums of money, accountings, reckonings, bonds, bills, specialties, covenants, contracts, controversies,

agreements, promises, variances, trespasses, claims, damages, judgments, extents, executions, damages, expenses and costs whatsoever, whether known or unknown, as they relate to EMPLOYEE's employment with EMPLOYER and/or the termination thereof, including but not limited to any and all claims under the Americans with Disabilities Act, §1981 through §1988 of Title 42 of the U.S.C., the National Labor Relations Act, the Fair Labor Standards Act of 1938, the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., 42 U.S.C. §§ 1981 and 2000e et seq., the Rehabilitation Act of 1973, the Equal Pay Act of 1963, the Older Workers Benefit Protection Act of 1990, the Americans with Disabilities Act of 1990, the Civil Rights Act of 1866, 42 U.S.C. §1981, the Employee Retirement Income Security Act of 1974; the Civil Rights Act of 1991, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., the Worker Adjustment and Retraining Notification Act of 1988; the Corporate and Criminal Fraud Accountability Act of 2002, 18 U.S.C. §1514A, also known as the Sarbanes-Oxley Act, the New York State Human Rights Law, the New York State Labor Law (including claims with the New York Department of Labor), the New York Wage-Hour Law, the New York City Administrative Code, the New York City Human Rights Law, and the New York State Insurance Law, all as amended, as well as all claims arising from any express or implied contract, employee handbook, wrongful dismissal, tort, defamation, libel, slander, public policy, discrimination, harassment, retaliation, whistleblower, law or equity, as well as all claims for wages, compensation, paid time off, benefits, commissions, and all expenses paid or unpaid during the term of his employment, and all claims for compensatory, punitive or liquidated damages, interest, attorneys' fees and costs. This release shall apply to all such claims by EMPLOYEE from the beginning of time up to the Effective Date of this Agreement.

(c) In consideration of the benefits, agreements and other consideration to be provided to EMPLOYER by EMPLOYEE as described in the Agreement, EMPLOYER, for itself and for its heirs, executors, administrators, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, EMPLOYEE, his agents, partners, attorneys and employees from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), contract and tort laws as they relate to EMPLOYEE's employment with EMPLOYER and/or the termination thereof including, all claims for or concerning breach of contract, which EMPLOYER had, now has, or may have for, upon or by reason of any matter, cause or thing whatsoever arising out of EMPLOYEE's employment with EMPLOYER, the termination thereof, and/or the negotiation and/or execution of this Agreement up until the Effective Date of this Agreement.

(d) EMPLOYEE acknowledges and agrees that he is the owner of all claims of any kind against EMPLOYER which are released pursuant to this Agreement; that no other person or entity has any claims or any interest in any potential claims of any kind which are released in this Agreement; that he has not sold, assigned, transferred, conveyed, or otherwise disposed to any other person or entity any claims of any kind which are released pursuant to this Agreement; and that he has not authorized any other person or entity to assert on their behalf any claims of any kind which are released pursuant to this Agreement.

(e) EMPLOYEE acknowledges and agrees that the Settlement Funds include

5

consideration and sums of money, which he would not otherwise be entitled to receive from EMPLOYER.

(f)  This RELEASE is in consideration for complete payment for all wages, damages and injuries whether known or unknown, and is specifically intended to release the Employer Releasees and also is specifically intended to release, whether presently known or unknown, all other tortfeasors liable or claimed to be liable jointly with the Employer Releasees for the claims which were or could have been made in this case; and, whether presently known or unknown, all other potential or possible tortfeasors liable or claimed to be liable jointly with the Employer Releasees. This RELEASE shall not affect any rights or claims the EMPLOYER has or may have against other tortfeasors as it relates to this Action or any other matter.

## 10. Entire Agreement

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersede and replace all prior or contemporaneous negotiations, agreements or understandings, proposed or otherwise, written or oral, between them concerning the subject matter hereof. This Agreement may not be changed, and no provision contained in this Agreement may be altered, amended, modified, superseded, canceled, waived or terminated, nor may any future representation, promise or condition in connection with the subject matter hereof be binding upon any party, except by an express written agreement duly executed by all parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

## 11. Waiver

Waiver of any one provision shall not be deemed to be a waiver of any other provision of this Agreement and waiver of a provision at any time or under any circumstance shall not be deemed a waiver of that provision at any other time or under any other circumstance.

## 12. Attorneys' Fees

The parties agree that no party shall be considered the prevailing party herein and, notwithstanding the Settlement Funds to be made pursuant to paragraph 2 of this Agreement, they waive any and all claims for attorneys' fees, disbursements, costs and expenses incurred in the Action and the settlement thereof and that each party shall bear their own attorneys' fees.

## 13. Enforceability

If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law

and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

**14.   Applicable Law**

This Agreement shall be governed by the laws of the United States and the State of New York applied to agreements made and to be performed wholly within New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction. The parties hereto acknowledge that any dispute over the terms of this Agreement shall be adjudicated by a court of competent jurisdiction in the County of New York, State of New York and the parties consent to such jurisdiction and agree that venue only in the County of New York, State of New York would be proper and hereby waive any challenge thereto based on lack of personal jurisdiction or inconvenient forum.

**15.   Execution in Counterpart and by fax or PDF format**

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. A facsimile or pdf version of this Agreement originally executed shall be accepted and enforceable as if it was an original.

**16.   Drafter and Interpretation of Agreement**

None of the parties hereto shall be considered the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof. The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties provided substantial input and have fully participated in the preparation of all provisions of this Agreement.

**17.   Effect of Agreement**

This Agreement shall be legally binding on and inure to the benefit of all successors, assigns, executors, guardians and heirs of EMPLOYEE, and by signing it, EMPLOYEE understands that he is giving up certain rights, including the right to pursue the claims raised in the Action.

**18.   Breach of Agreement**

Breach of any of the provisions of this Agreement by any party to this Agreement shall be deemed a material breach. In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs up through and including the appellate process from a court of competent jurisdiction.

AGREED AND ACCEPTED:

_____
**Besmir Bytyqi**
Date: 11/08/17

**BOCCA NEW YORK LLC**

By:_____

Date:_____


_____
**Arthur Fogel**
Date:


_____
**Billy Karasik**
Date:


_____
**Evgenia Huldisch**
Date:

8

Date: 11/7/17

**BOCCA NEW YORK LLC**

By: _____

Date: 11/7/17

_____
Arthur Fogel

Date: 11/7/17

_____Billy Karasik_____
Billy Karasik

Date: 11/7/17

_____Evgenia Huldisch_____
Evgenia Huldisch

Date: 11/7/17

1